UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RAMOS AQUINO,<br><br>                      Petitioner,<br><br>vs.<br><br>RICHARD RIMMER, Director,<br><br>                      Respondent. | Civil No.   04-0169 L (CAB)<br><br>**REPORT AND RECOMMENDATION RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

**I.** **INTRODUCTION**

Petitioner Francisco Ramos Aquino (Aquino) challenges his San Diego Superior Court conviction in case number SCD148113 with a habeas corpus petition, pursuant to 28 U.S.C. § 2254. The Court submits this Report and Recommendation to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

The Court has considered the Petition, Respondent's Answer and Memorandum of Points and Authorities, Petitioner's Traverse and all the supporting documents submitted by the parties. Based upon a thorough review of the documents presented in this case, and for the reasons set forth below, the Court recommends that the Petition be **DENIED** and the case be dismissed with prejudice.

/ / /

/ / /

## II. FACTUAL BACKGROUND

The following statement of facts is taken from the California Court of Appeal opinion, *People v Aquino*, No. D036014, slip op. (Cal. Ct. App. Jan. 16, 2002). This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness).

I.  The Prosecution Case

Aquino met Hortencia Valle in 1993. She had three children at the time: Heidy, age seven; Janel, age four, and a baby, Antonio. Aquino and Valle began dating and eventually had a child together, but they did not live together. Aquino lived with another woman with whom he had children. Valle's three children did not know their fathers, and considered Aquino to be their father.

A.  Count 1

Janel testified Aquino first molested her when she was six or seven years old. She said he pulled her into the bedroom, shut the door, pinned her down on the bed lifted her dress and pulled down her underwear. He pulled his penis out from his pants and lay on top of her, licked his finger and put it in her private part, hurting her. He told her not to tell or he would take Valle away from her. Janel testified he sometimes kissed her on the mouth and hit her with his hand, a belt or a rope, and she had seen him hit Valle and Heidy.

B.  Counts 4 and 5

Heidy testified that Aquino began molesting her, touching her genitals, when they lived on 44th Street and she was about nine or ten years old. She said he would take her to the bedroom, undress her and himself, lie naked on top of her, rub her breasts, put his penis on her genitals and try to get inside her.

C.  Counts 6 and 7

Heidy testified that one evening when she was 11 and she and her family were living on 46th Street, Aquino came to their apartment when everyone was sleeping and her mother was not at home. She said Aquino took off her pants and his pants, got on top of her and tried to put his penis inside her. He stopped when Janel woke up, but started again when she went back to sleep. Heidy said that at other times Aquino would let himself into the apartment and she would take her brothers and lock all of them into the bedroom. But Aquino would say he had something for them and her brother would open the door. While the other children went into the living room to see what Aquino had brought, Aquino would grab Heidy and take her into the bedroom and molest her. Heidy said she was afraid of Aquino and when she resisted he threatened to hurt her mother and brothers. When Heidy told her mother Aquino was touching her private parts, Valle said to tell him not to do it. When Valle said something about it to Aquino,

he said the girls were lying. Valle testified Aquino sometimes slapped her and said he would report her to immigration authorities because she was in the country illegally.

D.   Count 8

Heidy testified that one day when they lived on Wilson Street and she was at home studying, Aquino used his key to get into the apartment and she ran into the bedroom to get away. He opened the door, took off her pants and then his own. She told him she would call the police, but he said he did not care. He lay on top of her, put his penis in her vagina and moved up and down until he ejaculated.

E.   Counts 2 and 3

Heidy testified that the last time Aquino molested her, he knocked on the bathroom door while she was showering and said he had to use the bathroom. When she opened the door, he grabbed her by the hair and threw her onto the bed. He took off his clothes and Heidy's pants and put his penis into her vagina. When she struggled he told her to wait, he was not finished. Janel and her brother walked into the bedroom, saw Aquino on top of Heidy and heard her crying and saw her struggling while he held her hands down. Aquino yelled to close the door. When Aquino got up to lock the bedroom door, Heidy ran into the bathroom and locked the door. But he pried it open with a knife and pulled her back onto the bed. She pleaded with him to stop, but he said he needed to finish. After he ejaculated Heidy put on her clothes and ran into the living room.

When Janel told Valle about this incident and Heidy confirmed it was true, Valle called police. Aquino was arrested later at Valle's apartment.

Pediatrician and forensic examiner Dr. Maria Gasza examined Heidy on September 9, 1999. She reported Heidy had a trauma injury to her hymen and opined it was the result of a penetrating injury.

II.   Defense Case

Aquino's character witnesses testified they had never seen him act inappropriately with children or women.

(Resp't Lodgment No. 2 at 2-5.)

III.   **PROCEDURAL BACKGROUND**

May 31, 2000, the San Diego County District Attorney's Office filed an Amended Information charging Aquino with eight counts of forcible lewd conduct upon a child (Cal. Penal Code 288(b)(1)). There were two victims, Janel C. (Count One) and Heidy C. (Counts Two - Eight). In the Amended Information it was also alleged, as to each count, that Aquino had committed an offense described in Cal. Penal Code 667.61(c) against more than one victim (Cal. Penal Code § 667.61(b)(c)(e)). (Resp't Lodgment No. 6 at 5-8.)

On June 8, 2000, following a jury trial, Aquino was convicted on all eight counts. (*See* Resp't Lodgment No. 1 at 63-70.) The jury also found true the allegations that Aquino had committed the offenses against more than one person. (*Id.*) On July 7, 2000, the trial court sentenced Aquino to 75 years to life in prison. (*Id.* at 83-86.)

Aquino appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One. (Resp't Lodgment Nos. 10 & 11.) On January 16, 2002, the court of appeal affirmed Aquino's conviction in an unpublished opinion. (Resp't Lodgment No. 2.) On March 7, 2002, Aquino filed a petition for review with the California Supreme Court. (Resp't Lodgment No. 3.) The court denied Aquino's petition on April 10, 2002. (Resp't Lodgment No. 4.)

Aquino filed his federal habeas corpus petition in this Court on January 27, 2004. Respondent filed a motion to dismiss on June 4, 2004, alleging that Aquino's petition was barred by the statute of limitations. On July 27, 2005, the Court denied Respondent's motion to dismiss and ordered the parties to brief the merits of Aquino's claims. Respondent filed an Answer to the Petition on October 20, 2005; and Aquino filed his Traverse on November 15, 2005.

## IV.  SCOPE OF REVIEW

Title 28, United States Code, § 2254(d), sets forth the following scope of review for federal habeas corpus claims:

> d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (West Supp. 2006).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state court decision will not be "contrary to" clearly established federal law.

## V. **DISCUSSION**

Aquino raises five claims in his Petition. First, he claims the trial court erroneously instructed the jury on the definition of "duress," depriving him of his rights to due process and a fair trial. Next, he asserts the trial court erred in instructing the jury on "other crimes" evidence, pursuant to California Jury Instructions - Criminal (CALJIC) No. 2.50, depriving him of his rights to due process and a fair trial. In his third claim, Aquino argues he was denied his rights to due process and a fair trial because the prosecutor did not distinguish between other uncharged acts, and the charged acts, suggesting that the jurors could convict him based on uncharged crimes. In his fourth and fifth claims, Aquino asserts his rights to due process and a fair trial were violated when the trial court failed to sua sponte instruct the jury on the necessarily lesser included offenses of child molestation (Cal. Penal Code § 647.6) and non-forcible lewd conduct (Cal. Penal Code § 288(a)), respectively. (*See* Pet. at 6-10.)

### A. Definition of Duress

Aquino contends the trial court erroneously instructed the jury that "duress" includes "hardship." He asserts this error rendered his trial fundamentally unfair, in violation of the due process clause. Specifically, he argues that "hardship" is no longer a basis for finding duress because the California Legislature amended California Penal Code section 261 to delete hardship from the definition of duress. (Pet. at 6.)

Aquino raised this claim on direct appeal to the California Court of Appeal. (*See* Resp't Lodgment Nos. 10 & 11.) The court rejected the claim. (*See* Resp't Lodgment No. 2.) Aquino then raised the claim in petition for review to the California Supreme Court, which denied review without citation. (*See* Resp't Lodgment No. 3.) Because there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision which addressed the claim, the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991) In rejecting this claim, the court of appeal stated:

> There is no indication in section 261 that the definition of duress as applied to rape should apply to other statutory provisions. Also, even if the same definition should be applied, any error in the instruction would be clearly harmless in this case. Hardship was not presented as a basis for Aquino's forcible conduct. Both girls testified Aquino used physical force in molesting them. Heidy and Janel each testified he grabbed them, pulled them onto the bed, undressed them and held down their hands while they struggled. They also said he threatened to take their mother away. There was not testimony of hardship. Aquino has not shown prejudicial error.

(Resp't Lodgment No. 2 at 13-14.)

To the extent Petitioner claims the jury instruction was incorrect under state law, his claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). To merit relief, clearly established law provides that a petitioner must show the instructional error so infected the entire trial that the resulting conviction violated due process. *Id.* at 72; *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The allegedly erroneous instruction must be considered in the context of the trial record and the instructions as a whole. *Estelle*, 502 U.S. at 72; *Kibbe*, 431 U.S. at 156; *Cupp*, 414 U.S. at 146-47. The instructions must be more than just erroneous, Aquino must show that there was a reasonable likelihood that in light of the instructions as a whole, the jury applied the challenged

instruction in such a way that his constitutional rights were violated. *See Carriger v. Lewis*, 971 F.2d 329, 334 (9th Cir. 1992) (en banc).

In this case, the court of appeal decision was neither contrary to or an unreasonable application of clearly established federal law. Indeed, the California Supreme Court has held that definition of "duress" in the lewd acts statutes includes the threat of hardship. *People v. Leal*, 33 Cal. 4th 999, 1008-09 (2004). A state court's interpretation of state law is binding on this court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989). Aquino cannot establish a due process violation because the instruction was correct under state law. Therefore, it did not render Aquino's trial fundamentally unfair.

Given the foregoing, the state appellate court's denial of Aquino's claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254. Aquino is not entitled to relief as to this claim. *See Williams*, 529 U.S. at 412-13.

**B.    CALJIC 2.50**

In his second claim, Aquino alleges his due process rights were violated when the trial court instructed the jury on evidence related to uncharged acts, pursuant to CALJIC 2.50.[1] (Pet.

---

[1] As read to the jury, CALJIC 2.50 states:

Evidence has been introduced for the purpose of showing that the defendant committed crimes other than that for which he is on trial.

Except as you will otherwise be instructed, this evidence, if believed, may not be considered by you to prove that defendant is a person of bad character or that he has a disposition to commit crimes. It may be considered by you only for the limited purpose of determining if it tends to show:

A characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case which would further tend to show the existence of intent which is a necessary element of the crime charged; or a clear connection between the other offense and the one of which the defendant is accused so that it may be inferred that if defendant committed the other offense defendant also committed the crimes charged in this case;

The existence of the intent which is a necessary element of the crime charged; the crime charged is part of a larger continuing plan or scheme. For the limited purpose for which you

at 7.) The court also instructed the jury, pursuant to CALJIC 2.50.1, which informed the jury that uncharged crimes need to be proved only be a preponderance of the evidence.[2] Aquino claims that, in combination, these instructions allowed the jury to convict him of the charged acts based on findings by a preponderance of the evidence that he committed other uncharged offenses. Thus, he argues, the jury was able to convict him based on a preponderance of the evidence, as opposed to evidence found true beyond a reasonable doubt. (Pet. at 7.)

The last reasoned state court decision which addressed the merits of this claim is the state appellate court's denial of Aquino's direct appeal. (*See* Resp't Lodgment No. 2.) It is to that decision this Court must direct its analysis of Aquino's claim. *Ylst*, 501 U.S. at 805-06. The state appellate court concluded that Aquino was not entitled to relief on this claim because there was no reasonable likelihood that, in light of the jury instructions read as a whole, the jury applied the challenged instruction in such a way as to render the trial fundamentally unfair.

In denying Aquino's claim, the appellate court stated:

> When an appellant claims a jury instruction was misleading, he must show it is reasonably likely that the jury misunderstood the instructions as a whole. (*People v. Cain* (1995) 10 Cal.4th 1, 36.) Here we must determine in light of the whole record whether there is a reasonable likelihood the jury would have understood it could convict Aquino on a standard of less than a reasonable doubt. (*Estelle v. McGuire* (1991) 502 U.S. 62, 72; *People v. Kelly* (1992) 1. Cal.4th 495, 526.) In making this determination, we consider the entire record, including other instructions and argument by counsel. [citations omitted].
>
> A defendant is entitled to proof beyond a reasonable doubt of every fact that is necessary for conviction of the charged offense. (*In re Winship* (1970) 397 U.S. 358, 361-364.) A preponderance of the evidence standard is sufficient, however, for evidence of uncharged crimes. (*People v. Carpenter* (1997) 15

---

may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.

(Resp't Lodgment No. 6 at 36-37.)

[2] CALJIC 2.50.1 reads:

Within the meaning of the preceding instruction, the prosecution has the burden of showing, by a preponderance of the evidence, that a defendant committed the crimes or sexual offenses other than those for which he is on trial.

You must not consider this evidence unless you find it, by a preponderance of the evidence, to have been committed by the defendant.

(Resp't Lodgment No. 6 at 38.)

Cal.4th 312, 380-383.) The prosecution's burden of proof is not reduced by the preponderance of the evidence for proof of other crimes. (*People v. Medina* (1995) 11 Cal.4th 694, 763-764.) "[P]rior uncharged sexual offenses . . . are evidentiary facts that, along with other evidence presented, establish the defendant's guilt of the crime charged. Whether used to prove intent, or other elements of the current offense, prior sexual offenses need not be proved beyond a reasonable doubt because they are 'collateral circumstances.'" (*People v. Van Winkle* (1999) 75 Cal.App.4th 133, 146.) The court in *People v. Falsetta* (1999) 21 Cal.4th 903-920, quoting *People v. Filtch* (1997) 55 Cal.App.4th 172, 182-183, held "'the admission of evidence of the uncharged sexual offense may have added to the evidence the jury could consider as to defendant's guilt, [but] it did not lessen the prosecution's burden to prove his guilt beyond a reasonable doubt.'"

Aquino has not shown the instructions allowed the jury to convict him solely on the evidence he committed other crimes. The court instructed the People had the burden of proving Aquino's guilt beyond a reasonable doubt. [Footnote 3: The court instructed: "A defendant in a criminal action is presumed to be innocent until the contrary is proved. In case of a reasonable doubt, he's entitled to a not guilty verdict. This places upon the People the burden of proving a defendant guilty beyond a reasonable doubt."] CALJIC No. 2.90. It defined "reasonable doubt" as "that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge." (CALJIC No. 2.90.) It also instructed not to single out any particular sentence or point of the instructions and ignore others. (CALJIC No. 1.01.) It instructed as to circumstantial evidence that each fact and inference based on circumstantial evidence must be proved beyond a reasonable doubt. (CALJIC No. 2.01.) The court also instructed that evidence had been introduced to show the defendant and the victim engaged in forcible sexual assaults on one or more occasions other than that charged, but if the jury members believed the evidence, they were to consider it only for the limited purpose of showing the disposition or intent of the defendant toward the other person. (CALJIC No. 10.61.) The court further instructed on the requirement of a unanimous finding of guilt beyond a reasonable doubt as to each act supporting the conviction. (CALJIC No. 17.01.)

The court properly instructed the jury to evaluate the uncharged offenses under a preponderance of the evidence standard and on the prosecution's burden to prove each element of each offense beyond a reasonable doubt. There is no likelihood the jury would consider that CALJIC No. 2.50 permitted a finding of guilt on less than proof beyond a reasonable doubt.

(Resp't Lodgment No. 2 at 7-9.)

As discussed above, to the extent Petitioner claims the jury instruction was incorrect under state law, his claim is not cognizable on federal habeas review. *Estelle*, 502 U.S. at 71-72. To merit relief, clearly established law provides that must show the instructional error so infected the entire trial that the resulting conviction violated due process. *Id.* at 72; *Kibbe*, 431 U.S. at 154; *Cupp*, 414 U.S. at 147. The allegedly erroneous instruction must be considered in the context of the trial record and the instructions as a whole. *Estelle*, 502 U.S. at 72; *Kibbe*, 431 U.S. at 156; *Cupp*, 414 U.S. at 146-47. The instructions must be more than just erroneous,

1 | Aquino must show that there was a reasonable likelihood that in light of the instructions as a whole, the jury applied the challenged instruction in such a way that his constitutional rights were violated. *See Carriger*, 971 F.2d at 334.

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established law. The appellate court applied the correct standard in evaluating Aquino's due process claim. (*See* Resp't Lodgment No. 2 at 8 (citing *Estelle*, 502 U.S. at 72; *In re Winship*, 397 U.S. at 361-64).) As the state court noted, the jury received numerous instructions that, when viewed together, made it clear that the prosecution had to prove every element of the offense beyond a reasonable doubt. The court instructed the jury that the state had the burden to prove each element and explained the "reasonable doubt" standard (CALJIC Nos. 2.90 & 17.10). (*See* Resp't Lodgment No. 6 at 44, 50.) The jury was instructed to consider all of the instructions as a whole (CALJIC No. 1.01). (*Id.* at 21.) Further the court instructed the jury that the evidence of other, uncharged acts was to be viewed only for the limited purpose of showing intent – not as evidence of Aquino's bad character. (CALJIC No. 10.61). (*Id.* at 49.)

With the foregoing, and other instructions, the jury was provided clear instruction that it could not find Aquino guilty of the charged acts merely because it found some of the uncharged acts to be true. The instructions made it plain that the prosecution had to prove every element of the charged counts beyond a reasonable doubt. Thus, as the state court found, given the entirety of the instructions provided to the jury, there was no reasonable likelihood that the jury applied CALJIC No. 2.50 in such a way as to render Aquino's trial fundamentally unfair. *See Estelle*, 502 U.S. at 72.

Therefore, the state appellate court's denial of Aquino's claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254. Accordingly, Aquino is not entitled to relief as to this claim. *See Williams*, 529 U.S. at 412-13.

/ / /

/ / /

/ / /

### C. Failure to Distinguish Between "Other Acts" and "Charged Acts"

Aquino alleges he was denied his rights to due process and a fair trial because the prosecutor did not distinguish between other uncharged acts and the charged acts, thus suggesting to the jurors that they could convict him based on uncharged crimes. Specifically, he alleges that "[t]he presentation of acts with the same victims during the same time span without specification as to which were "other crimes" and which were charged crimes violated [his] right to due process." (Pet. at 8.)

The last reasoned state court decision which addressed the merits of this claim is the state appellate court's denial of Aquino's direct appeal. (*See* Resp't Lodgment No. 2.) It is to that decision this Court must direct its analysis of Aquino's claim. *Ylst*, 501 U.S. at 805-06.

> We also reject Aquino's argument that his due process and fair trial rights were violated by the presentation of evidence of several acts within the time span with no specification as to which were charged crimes and which were other uncharged offenses. The instructions taken as a whole informed the jury that the prosecution had the burden of proving each element of the crimes of which Aquino was accused, that it must make a unanimous finding of guilt beyond a reasonable doubt as to each act to support the convictions and it could not convict him on proof of uncharged offenses.

(Resp't Lodgment No. 2 at 9.)

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established law. As discussed above, Aquino must show that his trial was rendered fundamentally unfair by the alleged failure to distinguish between charged and uncharged acts. *See Estelle*, 502 U.S. at 72. Here, the jury was clearly instructed that each element of each offense had to be proven beyond a reasonable doubt. The court instructed the jury that evidence of uncharged crimes could be considered "only for the limited purpose of tending to show a disposition or intent of the defendant toward another person." (CALJIC No. 10.61.) (Rep't Lodgment No. 6 at 49.)

Further, the jury was instructed that, as to the charged acts, it must unanimously agree on the specific charged act the defendant committed. (CALJIC No. 17.01[3]) (*Id.* at 50.) Under this

---

[3] CALJIC No. 17.01 states:

The prosecution has introduced evidence for the purpose of showing that there is more

instruction, for instance, the jury would have had to agree on which "lewd and lascivious act" defendant committed as a basis for its guilty verdict. A "lewd and lascivious act" is "any touching of the body of a child under the age of 14 years with the specific intent to arouse appeal to, or gratify the sexual desire of either party. To constitute a lewd or lascivious act, it is not necessary that the bare skin be touched. The touching may be through the clothing of the child." (CALJIC No. 10.42) (*Id.* at 46.) Thus, the jury had to agree that defendant "touched" the victims, as to each count, with the intent to satisfy himself sexually. The jury also had to agree on exactly what constituted the specific "lewd and lascivious act." In the case of Counts 2 and 3, the jury had to agree, beyond a reasonable doubt, that on that one occasion, defendant committed two specific lewd and lascivious act on Heidy. The same is true for Counts 4 and 5; and Counts 6 and 7.

To the extent Aquino alleges the prosecutor mislead the jury as to charged and uncharged acts during closing argument, this aspect of the claim also lacks merit. First, the trial court instructed the jury that "statements made by the attorneys during the trial are not evidence." Courts presume that jurors follow the instructions given. *See Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985); *Hovey v. Ayers*, 458 F.3d 892, 913 (2006). Thus, the jury was bound to follow the court's instructions, not what the prosecutor said during closing argument.

Furthermore, the prosecutor's comments, when read in context, merely reiterate requirement that all jurors agree on the each particular act committed as to each count. The prosecutor stated:

> Counts 4 and 5 deal with any two incidents when Heidy was 10 years old. [Counts] 5 and 6 deal with the two incidents when Heidy was 11 years old. Count 7 deals with one incident when she was 12 years old.
>
> Let me tell you the specific incidents that I'm talking about. You will be required to unanimously agree that a particular touching took place so any time he held her down and touched her breasts, touched her vagina, rubbed himself on her,

///

---

than one act upon which a conviction may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of the acts. However, in order to return a verdict of guilty, all jurors must agree that he committed the same act. It is not necessary that the particular act agreed upon be stated in your verdict. (Resp't Lodgment No. 6 at 50.)

any one of those counts. But you will be required to unanimously agree that he did touch her breasts or did touch her vagina or whatever touching you want to be the basis of the conviction. You all have to agree.

So Heidy told you – starting when she was little, she told you about at the age of 10 she was watching TV with Janel and her little brother Tony, and [Aquino] came in the house, grabbed her by the hand, pulled her into the bedroom, locked the door, took off her pants, touched her on the vagina, touched her on the breasts, laid on top of her and humped himself to orgasm. She told you about the white stuff that came out of his penis.

You pick any two of those touchings, breast, vagina, humping, holding of the arms while he's lying on her. Pick any of those acts, any two. You just have to agree on it. You don't have to state on the verdict form what acts you are selecting, You all have to agree during your deliberations that one of those acts took place.

(*See* Resp't Lodgment No. 9, vol. 4 at 463-64.)

The prosecutor did not suggest the jury could convict on the basis of uncharged acts. Rather, he was referring to the charged acts and reiterating the court's instruction that the jury had to agree on the specific act that constituted the "lewd and lascivious act." He was simply pointing out that during the incident, as charged, there were several instances that could constitute "lewd and lascivious acts" under that statute. Therefore, taken in context, the prosecutor's comments during closing argument did not mislead the jury as to charged and uncharged acts.

Given the above instructions as a whole, there is nothing in the record to indicate that the jury considered uncharged acts in any way other that it was instructed. Aquino cannot show that his due process rights were violated. *See Estelle*, 501 U.S. at 72. The state appellate court's denial of Aquino's claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254. Aquino is therefore not entitled to relief as to this claim. *See Williams*, 529 U.S. at 412-13.

/ / /
/ / /
/ / /
/ / /
/ / /

### D. Failure to Sua Sponte Instruct on Lesser-Included Offenses

Finally, in Claims Four and Five, Aquino alleges he was denied his rights to due process and a fair trial when the trial court failed to instruct the jury sua sponte on two lesser included offenses: child molestation (Cal. Penal Code § 647.6(a)[4]) and non-forcible lewd conduct (Cal. Penal Code § 288 (a)[5]).

Respondent correctly argues that there is no clearly established Supreme Court law which requires a trial court to instruct on a lesser included offense in non-capital cases. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000); *Turner v. Marshall*, 63 F.3d 807, 819 (9th Cir. 1995) (overruled on other grounds by *Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir. 1999) (en banc); *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984) (quoting *James v. Reese*, 546 F.2d 325, 327 (9th Cir. 1976)).

However, while there is no federal constitutional right to an instruction on lesser included offenses, "[a] criminal defendant is entitled to adequate instructions on his or her theory of defense." *Bashor*, 730 F.3d at 1240; *see also Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (finding "state court's failure to correctly instruct the jury on the defense may deprive the defendant of his due process right to present a defense."); *Solis*, 219 F.3d at 929 (stating that "the refusal by a court to instruct a jury on lesser included offenses, when those offenses are consistent with defendant's theory of the case, may constitute a cognizable habeas claim . . . ."). Indeed, the Supreme Court has recognized "that due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." *Hopper v. Evans*, 456 U.S. 605, 611 (1982) (emphasis in original).

/ / /

/ / /

---

[4] Section 647.6(a) states: "Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars ($1000), by imprisonment in county jail not exceeding one year, or by both the fine and imprisonment."

[5] Section 288(a) states: "Any person who willfully and lewdly commits any lewd or lascivious act . . .upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

California law is consistent with *Hopper*. In California, a trial judge must instruct the jury on lesser included offenses if they are supported by substantial evidence, including defenses that are not inconsistent with the defendant's theory of the case. *People v. Breverman*, 19 Cal. 4th 142, 148-49 (1998); *People v. Montoya*, 7 Cal. 4th 1027, 1047 (1994).

In denying Aquino's claims, the state appellate court stated:

> Here, there was no substantial evidence to support a jury finding of the lesser offenses. Aquino's defense was not that he had not used force, but that he had not committed the lewd acts, that the girls were lying. The lesser offenses were not part of his defense theory and would have been inconsistent with his defense that he did not commit the acts. There was no evidence to support instructions on the lesser offenses.
>
> Further, even assuming error, any error would have been harmless. (*People v. Breverman* (1998) Cal.4th 142, 149.) Both girls testified that Aquino hit them, grabbed them, forced them onto the bed, pulled off clothing and threatened them and their mother with harm if they told anyone. There is no reasonable probability the jury would have found Aquino committed a lesser but not the greater offenses.

(Resp't Lodgment No. 2 at 11.)

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established law. As the court stated, Aquino's defense was that the victims were lying and that the incidents they reported never occurred. He did *not* argue that he simply did not use force when committing the acts. (*See generally*, Resp't Lodgment No. 9, vol. 4 at 477-84.) Thus, the evidence did not warrant instructions on the two lesser included offenses. *See Hopper*, 456 U.S. at 611.

The state court's decision on claims four and five were neither contrary to, nor an unreasonable application of, clearly established law. *See* 28 U.S.C. § 2254. Therefore, Aquino is not entitled to relief as to these claims. *See Williams*, 529 U.S. at 412-13.

## VI. CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than **February 22, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 7, 2007**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 22, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge